**IT IS ORDERED as set forth below:**

**Date: March 25, 2021**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-61490-JWC |
| CARTER BROTHERS SECURITY SERVICES, LLC, | CHAPTER 7 |
| Debtors. | |
| ROBERT TRAUNER, as Chapter 7 Trustee for the Estate of Carter Brothers Security Services, LLC, | ADVERSARY PROCEEDING NO. 20-06129-JWC |
| Plaintiff, | |
| v. | |
| SEICO, INC., d/b/a SEICO SECURITY SYSTEMS, | |
| Defendant. | |

## ORDER

**THIS MATTER** is before the Court on the Motion to Dismiss Complaint to Avoid and

Recover Transfers (Doc. No. 5) (the "Motion") filed September 11, 2020 by Defendant Seico, Inc., d/b/a Seico Security Systems ("Defendant" or "Seico"). The Motion requests dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of all counts in the Complaint to Avoid and Recover Transfers (Doc. No. 1) (the "Complaint") filed against Seico by Robert Trauner, as Chapter 7 Trustee ("Trustee") for the Estate of Carter Brothers Security Services, LLC ("Debtor" or "CBSS"). The Complaint asserts three counts:

1) avoidance and recovery of alleged fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550 (the "548 Claims");

2) avoidance and recovery of alleged fraudulent transfers pursuant to O.C.G.A. § 18-2-70 et seq. through 11 U.S.C. § 544 and 550 (the "544 Claims"); and

3) recovery of funds under the state law doctrine of money had and received (the "MHR Claims").

Defendant requests dismissal of the 548 and MHR Claims with prejudice and the 544 Claims without prejudice. For the reasons discussed below, the Motion will be granted in part and denied in part.

## JURISDICTION AND VENUE

This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 544(a)(3). This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(H). The parties have consented to entry of final orders or judgment by this Court. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in a bankruptcy case pending in this Court.

## STANDARD OF REVIEW

When considering a Federal Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court may, however, reject a plaintiff's legal conclusions, labels, and unsupportable assertions of fact. *Id.*

## FACTUAL ALLEGATIONS[1]

CBSS filed a voluntary Chapter 7 petition on July 10, 2018. John Carter owns 99% of CBSS. His brother, Chris, owns the remaining 1%. The Complaint makes several allegations relating generally to John Carter's operation of CBSS. The sum of these allegations is that John Carter caused CBSS and several affiliate companies to engage in a pattern and practice of using CBSS funds and assets to pay debts of its affiliates, shore up the finances and operations of affiliates, pay personal expenses of John Carter, and otherwise make inappropriate payments to John Carter, all at a time when CBSS was insolvent. Trustee's forensic accountant has

---

[1] All factual allegations are taken from the Complaint, which the Court accepts as true for purposes of the Motion.

3

determined CBSS was insolvent on a balance sheet basis from the first quarter of 2014 until it ceased operations on or about June 1, 2016, at which point it was insolvent on any measurable basis.

Trustee's records show 11 separate transfers of money from CBSS to Seico that fall "within the reach of the relevant statutes." The transfers all occurred between the dates of July 24, 2014 and November 19, 2015 and total $45,534.64 (together, the "Transfers"). The Complaint alleges there was no contract between Seico and CBSS, the Transfers were for obligations of another person or entity, and Seico did not act in good faith because it knowingly accepted payment from CBSS for debts owed by another.

## ANALYSIS

- **The 548 Claims**

Bankruptcy Code § 548 allows a trustee to avoid certain transfers of a debtor's interest in property "made . . . on or within 2 years before the date of the filing of the petition." 11 U.S.C. § 548(a). Seico argues the 548 Claims should be dismissed with prejudice because each of the Transfers listed in the Complaint falls outside of the two-year lookback period. CBSS filed its petition on July 10, 2018. The Transfers all occurred on or prior to November 19, 2015—well outside the two-year lookback period. Trustee does not dispute this fact.

Instead, Trustee argues Count I should not be dismissed because he has limited information and may later discover transfers within the two-year lookback period. He posits any such transfers are avoidable as part of the alleged pattern and practice of John Carter treating CBSS like his personal piggy bank, and the Complaint puts Seico on notice that any transfers within the two-year lookback period are at issue in this case. He asks that Count I remain open in case he discovers any such transfers. The sole authority cited by Trustee in support of his position,

4

*Gordon v. Slaughter (In re Slaughter Co. & Assocs., Inc.)*, 242 B.R. 97 (Bankr. N.D. Ga. 1999), does not involve the question presently before the Court. *Slaughter* analyzed whether a trustee could add an additional transfer to an existing preference complaint that already included actionable transfers. The question was whether the newly added transfer related back to the original complaint under Federal Rule 15. *Slaughter* held the new transfer would not relate back and therefore could not be added under the facts of that case. *Slaughter* says nothing about holding a count open when there are no known transfers falling under the count.

One thing clear in *Slaughter* is that adding new transfers to a complaint and the relation back analysis is a factual inquiry depending on, among other things, the nature of the transfers to be added and how they relate to the allegations of the complaint. In the instant case, there are no actual transfers to consider against the Complaint or § 548—there are only hypotheticals. Without any actual transfers to consider, Trustee puts the cart before the horse. As the Complaint currently exists, the Court cannot provide any relief to Trustee under § 548 of the Bankruptcy Code because there are no known transfers falling within the two-year lookback period. Until such time as there is an actual transfer to analyze against the allegations in the Complaint and § 548, the Court declines to leave Count I open indefinitely just in case new transfers are discovered. Accordingly, Count I will be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal, however, will be without prejudice to a request to amend the Complaint to add any actual transfers falling within the parameters of § 548 and to argue that any such amendment(s) relate back to the Complaint under Federal Rule 15. All of Seico's arguments and defenses that any such amendment should not be allowed or relate back to the Complaint are likewise preserved.

- **The 544 Claims**

Seico next argues the 544 Claims should be dismissed without prejudice because the Complaint does not satisfy the requirements of either Federal Rule 8 or 9, made applicable to this proceeding by Bankruptcy Rules 7008 and 7009.[2] Seico argues the Complaint "does not include the requisite facts to plausibly infer fraud on behalf of Defendant" or the "'who, what, where, when, and how' of Seico's alleged fraudulent activity." Nearly all of Seico's arguments focus on the absence of allegations about Seico's conduct. But Trustee is not alleging fraud by Seico. Trustee is alleging the Debtor (CBSS) acted fraudulently in making the Transfers to Seico. Fraudulent conveyance claims deal with the transferor's conduct, not the transferee's. *See* O.C.G.A. § 18-2-74 ("A transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor . . ." (emphasis added)); *see also Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC),* No. 11 MC 0012 (KMW), 2011 U.S. Dist. LEXIS 97647 (S.D.N.Y. Aug 31, 2011) ("Whether a conveyance is fraudulent under Section 548(a)(1)(A) is thus determined by reference to the intent of the debtor-transferor in making the transfer; 'the state of mind of the transferee is irrelevant.'"). Though Seico's conduct may be relevant to its defenses, its conduct is not necessarily relevant to pleading the 544 Claims in the first instance. Thus, most of Seico's arguments on the 544 Claims and the appropriate pleading standard are not relevant.

Further, Seico's assertion that it "is unable to reasonably evaluate which specific

---

[2] Seico asserts "[t]he majority of courts hold that Fed. R. Civ. P. 9(b) applies to claims for fraudulent conveyances made with actual intent to delay, hinder, or defraud creditors," but does not cite a single case so holding. The 544 Claims incorporate Georgia fraudulent conveyance law, and it is far from clear that courts apply Rule 9 to actual intent fraudulent conveyance claims under Georgia law. *See, e.g., U.S. Cap. Funding VI, LTD v. Patterson Bankshares, Inc.*, 137 F. Supp. 3d. 1340, 1370 (S.D. Ga. 2015) (Rule 9 not applicable to fraudulent conveyance claims under Georgia UFTA). In any event, the outcome here does not pivot on whether Rule 9 or Rule 8 applies.

transactions the Trustee is seeking to avoid, and the facts in support of the Trustee's position" is hard to square with a facial reading of the Complaint. The Transfers are listed in the Complaint by date, check number, and amount. It is difficult to imagine what else Seico needs to identify the Transfers.[3] The facts supporting Trustee's position are the allegations regarding the pattern and practice of CBSS using its funds to support affiliates and pay the personal expenses of John Carter, the allegation that CBSS owed no debt to Seico and made the Transfers in payment of debts of others, and the allegations that Trustee's accountant has determined CBSS was insolvent at the time of the Transfers. Seico does not challenge the legal sufficiency of Trustee's theories, only that it is not on notice of the claims against it.[4] The Court disagrees. The Motion will be denied as to the 544 Claims.

- **The MHR Claims**

Seico argues Count III should be dismissed with prejudice because the Complaint 1) cites an inapplicable statute in support of its MHR Claim, and 2) fails to include an allegation that Trustee made a demand for the return of the Transfers prior to filing the Complaint. On the first point, Trustee acknowledges his citation in the Complaint to O.C.G.A. § 9-2-7 was a mistake. As that statute does not appear applicable to this case, any claim for money had and received under O.C.G.A. § 9-2-7 is appropriately dismissed with prejudice.

On the second point, Seico argues a claim for money had and received under Georgia

---

[3] As discussed above, Trustee should amend his pleadings to add any additional transfers, and each party's respective rights and arguments as to any such amendments are hereby preserved.

[4] The Court's review of the claims at this stage is limited to whether Trustee has plead sufficient facts to support a plausible claim. While Trustee's claims appear plausible, much of Trustee's "pattern and practice" theory looks a lot like an attempt to establish a ponzi scheme presumption without a ponzi scheme. Whether and to what extent the "pattern and practice" allegations can or must be tied to the specific Transfers here to establish actual intent remains to be seen.

common law has two elements:

> (1) a party has received money justly belonging to the plaintiff; and
>
> (2) the plaintiff has made a demand for repayment which was refused.

*Hill v. Duscio,* 292 F. Supp. 3d 1370, 1378 (N.D. Ga. 2018). Seico argues Count III must be dismissed with prejudice because Trustee failed to make a demand for repayment of the Transfers prior to filing the Complaint. Trustee agrees with the cited elements but argues he did demand the return of the Transfers by letter to Seico in November of 2019, months before filing the Complaint. No reference of the demand letter appears in the Complaint. Though Trustee cannot cure his pleading deficiency in his response, if he did send the demand letter in November, it appears there is a set of facts that can be plead to satisfy this element of the MHR Claim. Accordingly, the MHR Claim will be dismissed, but Trustee will have 14 days to file an amended complaint to cure the pleading deficiency.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** as follows:

- Count I is hereby dismissed without prejudice and with all parties' rights reserved as to any future amendments;
- The Motion is denied as to Count II; and
- Count III is hereby dismissed with prejudice to the extent it alleges claims under O.C.G.A. § 9-2-7 but without prejudice to the extent it alleges claims under Georgia common law, provided Trustee files an amended complaint within 14 days from the date of entry of this Order. If no amended complaint (or request for an

extension) is filed within 14 days, Count III shall stand dismissed with prejudice in its entirety without further notice or order of the Court.

The Clerk's Office is directed to serve a copy of this order on Trustee, Trustee's counsel, and counsel for Seico.

**END OF DOCUMENT**